UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHARLENE MCARTHUR, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:18-cv-01227-WWE |
| | : | |
| CITY OF STAMFORD and | : | |
| CLEMON WILLIAMS, | : | |
|     Defendants. | : | |

## **MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS**

This is an employment discrimination action. Plaintiff Charlene McArthur alleges that defendants City of Stamford and Clemon Williams terminated her employment with the City because of McArthur's disability, which limited her ability to stand and bear weight without assistance. Moreover, McArthur alleges that defendants subsequently "held" her retirement application indefinitely, preventing her from receiving a pension. McArthur asserts causes of action based on violation of her constitutional rights to equal protection and due process.

Williams and the City have moved to dismiss for failure to state a claim. For the following reasons, defendants' motion will be granted. However, McArthur will be permitted to amend her due process claims, if she can do so in good faith, by April 24, 2019.

**Equal Protection**

Defendants argue that the Equal Protection Clause is not applicable to claims of disability discrimination:

> Freedom from discrimination on the basis of disability is not a right secured by the Constitution. Fierro v. N.Y. City Dep't of Educ., 994 F. Supp. 2d 581, 590 (S.D.N.Y. 2014). Thus, a claim of disability discrimination in employment is not actionable under section 1983. Id. at 590; see also Chick v. Cty. of Suffolk, 546 Fed.Appx. 58, 60 (2d Cir. 2013) (holding that plaintiff's equal protection clause claim that he was discriminated against based on his alleged disability was not cognizable because disability is not a suspect classification under the Equal Protection Clause and a class of one does not exist in the public employment context). A plaintiff's claim that a defendant violated his Equal Protection rights because the defendant discriminated against him based on his disability or perceived disability therefore must be dismissed. Kaiser v. Highland Cent. Sch. Dist., No. 1:08-CV-0436 (LEK/RFT), 2008 WL 5157450, at *2 (N.D.N.Y. Dec. 8, 2008); see also Chick, 546 Fed.Appx. at 58. The same rule applies to equal protection clause claims of employment retaliation based on disability. See Klaes v. Jamestown Bd. of Pub. Utilities, No. 11-CV-606, 2013 WL 1337188, at *14 (W.D.N.Y. Mar. 29, 2013) (Allegations related to disability discrimination and retaliation are not cognizable as an Equal Protection claim. Thus, these allegations cannot be used to support a Section 1983 claim against Defendants.); Kuder v. City of Rochester, 992 F. Supp. 2d 204, 210 n.4 (W.D.N.Y. 2014) (in disability context, stating that, equal protection employment retaliation claims are not actionable under Section 1983.).

Koenig v. City of New Haven, 2017 WL 631190, at *12 (D. Conn. Feb. 15, 2017) (internal quotations omitted).

Plaintiff responds, without support, that defendants' actions must nevertheless be subjected to rational basis review. Plaintiff cites two cases for this general proposition, neither of which is persuasive and neither of which involved disability discrimination in employment. See Pedersen v. Office of Personnel Management, 881 F. Supp. 2d 294 (D. Conn. 2012) (Homosexual individuals brought action challenging the Defense of Marriage Act (DOMA)); Suffolk Parents of Handicapped Adults v. Wingate, 101 F.3d 818 (2d Cir. 1996) (Guardians of severely handicapped adults challenged out-of-state placement of

2

such individuals by state and county officials).  Accordingly, plaintiff's equal protection claims will be dismissed.

**Due Process**

Defendants argue that McArthur has failed to allege that she was *eligible* to receive any pension benefits, and that absent pleading entitlement to a property right, her due process claims should be dismissed.  Moreover, defendants contend that their decision to "hold" plaintiff's retirement application does not amount to a deprivation absent some requirement to take some action.

Plaintiff responds that her complaint contains factual claims sufficient to permit a jury to find that defendants denied her entitlement to her pension. Nevertheless, as of now, she merely asserts that she applied for retirement based on her disability, but the application was "held," and she received no pension. The court finds that McArthur should amend her complaint to explicitly allege entitlement to receive pension benefits, if she can do so in good faith.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED. However, plaintiff shall have until April 24, 2019, to add due process allegations regarding her entitlement to a property interest and defendants' deprivation of such interest.

Dated this 10th day of April, 2019, at Bridgeport, Connecticut.

                                              /s/Warren W. Eginton
                                        WARREN W. EGINTON
                                        SENIOR UNITED STATES DISTRICT JUDGE